**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BASSEY JACKSON EKANEM,** ) | |
| **ID # 33575-177,** ) | |
| Movant, ) | |
| vs. ) | No. 3:11-CV-1673-L-BH |
| ) | No. 3:05-CR-0173-L |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence and applicable law, the motion to vacate should be **DENIED**.

**I. BACKGROUND**

Federal inmate Bassey Jackson Ekanem (Movant) filed a *Motion to Vacate, Set Aside, or Correct Sentence* (Mot.) under 28 U.S.C. § 2255 challenging his federal conviction and sentence in Cause No. 3:05-CR-0173-L. The respondent is the United States of America (Government).

**A.   Factual & Procedural History**

On February 23, 2006, Movant was charged by superseding indictment with five counts of health care fraud in violation of 18 U.S.C. § 1347. (*See* doc. 38).[1] He pled not guilty and was tried before a jury on April 10-21, 2006.

According to the trial testimony, movant operated a medical equipment business named Rooster Medical Equipment and Supplies in Fort Worth, Texas. Rooster was an approved durable medical equipment (DME) provider under Medicare. (R. 2:186, 290-91). Movant: 1) supplied patients with scooters but billed Medicare, and was paid, for the more expensive power wheelchairs

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action.

(R. 2:384-86; R. 5:979-982, 992-93; R. 6:1146-47, 1155-65; R. 7:1405-10); 2) submitted forged doctor's signatures as support for reimbursements (R. 4:675-693); and 3) supplied scooters to people who never saw a doctor to have the equipment prescribed for them, but were instead contacted and asked whether they wanted a free scooter or wheelchair. (R. 5:980-82, 993-96).

Movant was convicted on all five counts. (*See* doc. 80). After sentencing hearings on November 27, 2006, and December 18, 2006, the district court sentenced movant to ten years imprisonment on each count, to run concurrently. (doc. 93). Movant appealed his convictions and sentence. On January 7, 2009, the Fifth Circuit affirmed his convictions in a published opinion, but remanded the case for resentencing after determining that the district court had erred in determining that movant had entered into a jointly undertaken criminal activity with another person and finding this to be relevant conduct that increased the applicable sentencing range. *United States v. Ekanem*, 555 F.3d 172 (5th Cir. Jan. 7, 2009).

On April 6, 2009, after hearing argument from counsel and a statement from movant, the district court again sentenced movant to ten years of imprisonment on all counts, to be served concurrently. (doc. 150). Movant's appeal of his resentencing was dismissed by the Fifth Circuit as frivolous. *United States v. Ekanem*, No. 09-10371 (5th Cir. March 17, 2010). Movant did not file a petition for certiorari with the Supreme Court.

**B.**    **Substantive Claims**

Movant filed his motion to vacate and supporting memorandum ("Mem.") on July 11, 2011, asserting the following claims:

(1)  his trial attorney rendered ineffective assistance of counsel by:

-failing to conduct a pretrial investigation, failing to hire an investigator to conduct an investigation, and failing to contact potential witnesses (Mem. at 9-10);

2

      -failing to object to the indictment (Mem. at 10-12);

      -failing to object to perjured testimony given by government witnesses (Mem. at 15-17);

      -failing to properly object to the withholding of exculpatory evidence by the prosecution (Reply at 9-10);

      -not permitting movant to testify at trial (Mem. at 10);

      -making an improper argument in his closing argument to the jury (Mem. at 9); and

      -failing to object to the jury instruction failing to limit the jury to the five transactions set forth in the indictment (Mem. at 6-8);

(2) his appellate attorney rendered ineffective assistance of counsel by:

      -refusing to incorporate any information movant gave her into her brief on appeal, and instead relying solely on information in the trial transcript (Mem. at 12-13);

      -refusing to meet with movant face-to-face or speak to movant by telephone (Mem at 13);

      -failing to raise "obviously winning arguments" on appeal, such as claims of ineffective assistance of trial counsel and the admission of hearsay testimony (Mem. at 14, 17-18); and

      -refusing to consult with movant before filing an *Anders* brief during his second direct appeal (Mem. at 13);

(3) movant was constructively denied his right to counsel at his criminal trial because he was denied the use of his resources when the money in his bank accounts was seized, and when the government filed a civil case and he could not afford counsel (Mem. at 19-20);

(4) movant was convicted based on a defective indictment because there were discrepancies between the testimony and the indictment and because of mistakes in the indictment (Reply at 2-6); and

(5) movant was convicted based on the withholding and suppression of exculpatory evidence, hearsay, and perjured testimony (Reply at 7-10).

The Government filed a response brief on September 13, 2011. (*See* Resp. Opp'n Mot. ("Resp.")).

3

Movant filed a reply brief on October 5, 2011.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the asserted error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant asserts that his trial counsel provided ineffective assistance in several respects.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

4

his defense." U.S. Const. art. VI.  The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective.  *See* 466 U.S. at 696.  The Court may address the prongs in any order.  *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689.  "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair).  Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did

5

flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.     Trial Preparation

Movant asserts that counsel failed to conduct a pretrial investigation, to hire an investigator to conduct a pretrial investigation, and to contact potential witnesses. He claims that because of this, the defense did not have any witnesses testify at trial and presented no evidence to counter the government's testimony. (Mem. at 10).

When alleging that counsel was ineffective for failing to fully investigate a case, "[a] movant 'must allege with specificity what the investigation would have revealed and how it would have altered the outcome' of the proceeding." *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)); *see also Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (same, applied in case where habeas petition was brought by state prisoner). Furthermore, the Fifth Circuit has held that complaints of uncalled witnesses are not favored in habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative. *Day v. Quarterman*, 566 F3d 527, 538 (5th Cir. 2009). To prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner

must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Day v. Quarterman*, 566 F3d at 538; *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

The trial record reflects that counsel filed numerous pre-trial motions and was very familiar with the case; he made numerous objections to evidence and cross-examined government witnesses extensively. There is no support for movant's blanket assertion that his attorney did no pre-trial investigation. Even accepting this claim as true, movant has not shown what further pretrial preparation or discovery would have revealed or how it would have changed the outcome of his trial. He has also failed to name any witness who was available to testify on his behalf or show how this testimony would have been favorable to his defense. This claim should be denied.

**B.    Indictment**

Movant claims that his attorney was ineffective for failing to object to a "questionable" indictment that had an incorrect case number, alleged variances in the claim numbers that he used in filing claims with Medicare, and alleged discrepancies with the amounts Medicare paid on claims versus what was alleged in the indictment. (Mem. at 10-11, Reply at 2-3). Movant concedes that many of these differences were addressed at trial (Mem. at 10-11), but asserts that his attorney was ineffective for failing to object further.

The superseding indictment originally had a case number that is crossed out and initialed and replaced with the correct case number. (doc. 38). The trial record reflects that after the government rested its case, defense counsel moved for acquittal on the fourth count of the indictment because the claim number listed on the indictment had an additional digit from the evidence presented at

7

trial. (R. 7:1422-23).  The district court ruled that notwithstanding a clerical error, movant was placed on notice as to that count because of the other information contained in the count, including the date, the doctor, and the amount paid. (R. 7:1445-46).  The court further ruled that movant was not entitled to acquittal because a reasonable jury could find movant guilty on that count based on the evidence presented.  *Id*.  On direct appeal, movant asserted that there was a fatal variance between the indictment and the evidence presented at trial regarding the claim number listed in count four.  The Fifth Circuit held that movant had not shown any error that affected his substantial rights because it was a typographical error and because movant received notice of the conduct charged.  *Ekanem*, 555 F.3d at 174.

Contrary to movant's assertion, his attorney did object to one error in the indictment and sought acquittal based on that error on count four.  As for the other alleged errors, the Fifth Circuit noted on direct appeal that a variance between an indictment and the evidence at trial is fatal only if it is material and prejudices a defendant's substantial rights.  Furthermore, as long as a defendant receives notice and is not subject to double jeopardy, his substantial rights are not affected.  *Ekanem*, 555 F.3d at 174, *citing United States v. Freeman*, 434 F.3d 369, 374-75 (5th Cir. 2005).  The alleged errors of which movant complains, including a crossed-out case number and alleged differences in amounts of payments made to Medicare, are not material variances and did not affect his substantial rights because he received proper notice of the charges against him.[2]  His trial counsel was not ineffective for failing to object because there is no reasonable probability either that charges would have been dismissed, or that this claim would have prevailed on direct appeal.

---

[2]  Movant also complains that the grand jury foreperson's name is redacted on the superseding indictment.

**C.    Testimony and Evidence at Trial**

Movant next contends that his attorney was ineffective for failing to object to perjured testimony and that exculpatory evidence not provided by the government. (Mem. at 15; Reply at 9-10; 17-19).

The suppression of evidence favorable to the accused and material to either guilt or punishment by the State violates a defendant's due process rights under the federal constitutional. *Brady v. Maryland*, 373 U.S. 83, 87 (1963)  Under *Brady*, the prosecution has the duty to turn over to the defense both exculpatory and impeachment evidence, whether or not it was requested by the defense. *United States v. Bagley*, 473 U.S. 667, 682, 685 (1985).  Such evidence is material if there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.  A reasonable probability of a different result is shown when the suppression of evidence undermines confidence in the verdict. *Bagley*, 473 U.S. at 678; *Gibbs v. Johnson*, 154 F.3d 253, 256 (5th Cir. 1998).

The Supreme Court has also held that the presentation of false evidence at trial, as well as the admission into evidence at trial of false evidence that, although not solicited, is not corrected, violates a criminal defendant's due process rights, if the reliability of a given witness may be determinative of guilt or innocence. *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  In order to prevail on a claim that his constitutional rights were violated by the presentation of false testimony, a petitioner must establish that: 1) the testimony was actually false; 2) the prosecution knew it was false; and 3) that it was material. *Napue v. Illinois*, 360 U.S. at 271.  Knowledge of falsity is attributed to the prosecutor as the spokesperson for the government. *Giglio v. United States*, 405 U.S. 150, 154 (1972).  The Supreme Court has also stated that a new trial is dictated only when the

false testimony could, in any reasonable likelihood, have affected the judgment of the jury. *Napue*, 360 U.S. at 271.

As evidence of perjured testimony, movant points to alleged discrepancies in testimony given by government witnesses. He has failed to allege or prove that the testimony was actually false, that it was known to be false, or that it was material. He also points to allegedly missing documents in support of his claim that exculpatory evidence was suppressed. (Reply at 3, 9-10). Notwithstanding that it is the State's duty to turn over exculpatory evidence rather than defense counsel's duty to seek it, movant has neither alleged nor shown that any alleged missing documents were in fact exculpatory. Trial counsel was therefore not ineffective for failing to make objections at trial on these bases.

**D.     Movant's Decision to Testify**

Movant next asserts in his memorandum that he was convicted because his attorney did not allow him to testify at trial. He contends that while "[i]t could be argued that the trial counsel made a strategically professional decision on this issue. . .the extent to which this decision was governed by a reasoned trial strategy is an important question." (Mem. at 10). In his reply brief, he appears to suggest that "his attorney strongly failed to honor his wish to testify." (Reply at 16).

Criminal defendants have the right to testify in their own defense. *Rock v. Arkansas*, 483 U.S. 44, 51-53 (1987). Only the defendant may waive this well-established right. *United States v. Brown*, 217 F.3d 247, 258 (5th Cir. 2000). When a defendant claims that trial counsel interfered with his right to testify and was thus ineffective, the claim is governed by the *Strickland* standard. *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005); *United States v. Mullins*, 315 F.3d 449, 452-53 (5th Cir. 2002). It is unclear whether movant is alleging that defense counsel prevented him

from testifying or advised him not to testify; movant has not provided a sworn statement on this issue.[3] Even assuming that movant stated his desire and intent to testify and defense counsel specifically ignored his request, movant has failed to prove the second prong of *Strickland* because he has not shown prejudice as a result of this decision. Specifically, movant has not identified the facts that were unknown to counsel that would have been elicited through his testimony and that would have benefitted his defense. In light of the facts of this case, movant has not shown a reasonable probability that the outcome of his trial would have differed if he had testified.[4] This ground is therefore without merit.

E. **Closing Argument**

Movant further asserts that his attorney was ineffective in his closing argument at trial because he stated to the jury "that the defendant was guilty of the alleged crime" and told the jury that movant committed criminal conduct. (Mem. at 9). In particular, movant complains of a statement defense counsel made about an explosion of questionable Medicare claims that occurred in Houston, Texas. *Id*.

Contrary to movant's assertion, defense counsel never conceded guilt. Counsel emphasized that the government had the burden to prove that movant was guilty of the five charged offenses beyond a reasonable doubt and that he was presumed innocent. (R. 8:1536-38). Counsel then went on to state that whether movant was guilty of the five charged offenses had nothing to do with "whether or not" movant knew somebody from Houston or "whether or not" there were questionable

---

[3] This claim is not listed in movant's sworn § 2255 motion; his memorandum and reply brief are not sworn.

[4] The statements made by movant during his two separate sentencing hearings, which were not helpful to his case, may be some indication as to why counsel may have recommended that he not testify at trial. (doc. 131 at 197-202; doc. 159 at 15-17).

claims filed in Houston. Counsel also pointed out that, while he was not arguing that criminal conduct should be excused, Medicare at one point reinstated movant as a provider after an administrative suspension was resolved. (R. 8:1540-41). The record reflects that counsel did not concede guilt; he argued that movant was not guilty of the crimes he was charged with and that the government was attempting to convict him by his associations. Counsel was not ineffective in his closing statement to the jury.

**F.    Jury Instructions**

Finally, movant asserts that his trial counsel was ineffective for failing to object to a jury instruction that "did not limit the Jury to the five (5) specific transactions in the indictment." (Mem. at 6). He claims that the indictment was broadened to include perceived offenses through trial testimony and the government's closing arguments, and that trial counsel was ineffective for failing to object to the jury instructions that served to amend the indictment. *Id.* In particular, movant complains that the jury was asked to make its decision based on much higher monetary amounts than those involved in the five counts in the indictment. (*Id.* at 7).

During the charge conference, defense counsel did request a specific instruction that evidence presented at trial regarding alleged similar transactions could not be considered by the jury in determining whether movant committed the acts alleged in the indictment, but could only be considered in determining state of mind or intent. (R. 7:1484-86). The district court denied this requested instruction. (R. 8:1510-11). In the instructions read to the jury at movant's trial, the jury was instructed that each count and the evidence pertaining to it should be considered separately, and that a verdict on one should not control a verdict as to another count. (doc. 79 at 3). The jurors were further instructed that they were to determine only whether the government had proven beyond a

reasonable doubt that movant was guilty of the crimes charged, and that movant was not on trial for any act, conduct, or offense not alleged in the indictment. (*Id*. at 8). Finally, the jury instructions specifically set forth the elements of health care fraud that had to be proven beyond a reasonable doubt for movant to be found guilty of any of the counts alleged in the indictment. (*Id*. at 11-12). The superseding indictment alleged five different claims for reimbursement that movant submitted to Medicare that he knew were materially false and fraudulent in executing a scheme to defraud Medicare. (Doc. 38 at 8).

The jury was instructed that movant was only charged with those transactions alleged in the indictment, that each was to be considered separately, and that he was not on trial for any other offense or conduct *not* charged in the indictment. Therefore, the jury received a limiting instruction the movant complains was not provided. Furthermore, his attorney did request an additional limiting instruction. Counsel was not ineffective for failing to object to its absence.

In conclusion, movant's claims of ineffective assistance of trial counsel should be denied.

## IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Movant also asserts his appellate counsel was ineffective for failing to confer with him in preparation of the appeal, for failing to incorporate any information he provided her in the brief, for failing to raise meritorious grounds on appeal, and for failing to confer with him before filing an *Anders* brief during his second direct appeal. (Mem. at 12-14, 17-18).

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, petitioner must show a reasonable probability that but for his

13

counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

### A.     **Failure to Raise Claims**

Movant contends that his appellate attorney was ineffective for failing to raise claims not contained in the trial record on direct appeal and for failing to raise claims of ineffective assistance of trial counsel and the admission of hearsay testimony. Movant has shown no deficient performance in failing to raise claims not contained in the trial record, including claims that his trial counsel was ineffective. As the Fifth Circuit specifically stated when it dismissed his second direct appeal as frivolous, "[t]he record is insufficiently developed to allow consideration at this time of Ekanem's claims of ineffective assistance of counsel; such claims generally 'cannot be resolved on direct appeal when they have not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations.'" *Ekanem*, 370 Fed. Appx. at *1, *citing United*

14

*States v. Cantwell,* 470 F.3d 1087, 1091 (5th Cir.2006). Appellate counsel was also not ineffective in failing to raise claims regarding the admission of hearsay testimony. Movant points to no specific hearsay testimony on which his conviction was based such that had appellate counsel raised it as an issue, there is a reasonable probability that his conviction would have been reversed. These claims are without merit. *See United States v. Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).

**B.     Failure to Confer**

Movant further asserts that his appellate attorney was ineffective for failing to communicate with him in person or by telephone rather than by mail. He also asserts that counsel was ineffective for refusing to consult with him before filing an *Anders* brief during his second direct appeal. Movant has not shown that appellate counsel was ineffective for failing to confer with him personally or by telephone instead of by mail. Movant's complaint is with the type and frequency of communication, but this alone does not prove ineffective assistance of counsel under the *Strickland* standard. He has pointed to no viable claim that was not raised because of the type of communication used by counsel. To the contrary, movant's counsel was successful on direct appeal in obtaining a reversal of his sentence.

Likewise, movant has not shown that appellate counsel was ineffective for failing to confer with him before filing an *Anders* brief during his second direct appeal. The Fifth Circuit's opinion states that movant filed a response to the *Anders* brief. *Ekanem*, 370 Fed. Appx. 500, slip op. at *1. He was therefore aware that the brief had been filed. Furthermore, the Fifth Circuit agreed with counsel's determination that there were no non-frivolous issue for appeal. *Id*. Counsel was not ineffective on appeal, and these claims should be denied.

15

## V.  CONSTRUCTIVE DENIAL OF COUNSEL

Movant contends that he was constructively denied the assistance of counsel when the government seized his bank accounts prior to trial, preventing him from hiring counsel in the criminal and related civil proceedings. (Mem. at 19-20.)

In *United States v. Cronic*, 466 U.S. 648, 654 (1984), the Supreme Court recognized that a defendant might be constructively denied counsel although an attorney had been appointed to represent him.  However, unless there is a constitutional error of such magnitude that "no amount of showing of want of prejudice would cure" the error, "there is generally no basis for finding a Sixth Amendment violation" in the absence of a showing of "how specific errors of counsel undermined the reliability of the finding of guilt." *Id.* at 659 & n.26.  The presumed prejudice standard of *Cronic* is reserved for "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified, such as (1) a "complete denial of counsel . . . at a critical stage" of the criminal proceedings; (2) a complete failure of counsel "to subject the prosecution's case to meaningful adversarial testing"; and (3) "circumstances [that] made it so unlikely that any lawyer could provide effective assistance". *See Cronic*, 466 U.S. at 658-662; *accord Bell v. Cone*, 535 U.S. 685, 695-96 (2002).  Movant has the burden to show that he was constructively denied counsel.  *See Childress v. Johnson*, 103 F.3d 1221, 1228, 1231-32 (5th Cir. 1997).

Movant has not shown that he was denied counsel.  Because he did not have the funds to pay for counsel, counsel was appointed to represent him on October 26, 2005, several months before trial. (docs. 27, 30, 32).  Furthermore, while the government initially applied for and received a restraining order and injunctive relief against movant after his conviction to prevent him from

16

withdrawing any assets, and movant represented himself in this action, this civil case was dismissed pursuant to the government's motion because it had filed a motion seeking to apply the seized money to mandatory restitution. *See United States v. Ekanem*, No. 3:06-cv-1328-L (N.D. Tex.). Movant was represented by counsel in opposing the motion to apply the seized funds to restitution. (docs. 96, 99). This claim is without merit.

## VI. TRIAL ERRORS

Finally, in his reply brief, movant asserts that his conviction was obtained on the basis of a defective indictment. As support, movant points to alleged discrepancies between the indictment and the evidence presented at trial, as well as an erroneous case number that was crossed out on the indictment. (Reply at 2-6). He further asserts that his conviction was obtained through the suppression of exculpatory evidence, hearsay testimony, and perjured testimony. (Mem. at 15-17; Reply at 7-11, 18-19).

As addressed earlier, the Fifth Circuit on direct appeal ruled that one typographical error in the indictment was not reversible error because it was not material. Likewise, movant is not entitled to relief on his claim that his convictions were based on a "defective" indictment. He received appropriate notice of the charges against him. The indictment was therefore not defective because there were no material, fatal variances between the indictment and the evidence.

As for his claim that his conviction was based on perjured and hearsay testimony as well as the suppression of exculpatory evidence, movant has presented no evidence that material evidence was withheld from the defense, that false and material testimony was presented at trial, or that his conviction was based on material, hearsay testimony. These claims are without merit.

## VII. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VIII. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 13th day of January, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE